1  Muriel B. Kaplan (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                 UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  BAY AREA PAINTERS AND TAPERS          Case No.: C12-2930 CW
    PENSION TRUST FUND, et al.
12                                        **AMENDED JUDGMENT PURSUANT TO**
                  Plaintiffs,             **STIPULATION**
13
          v.
14
    J&C FUENTES PAINTING &
15  DECORATING CO., INC., a California
    Corporation
16
        Defendant.
17

18

19         THIS SERVES TO AMEND the Judgment Pursuant to Stipulation ("Stipulation")

20  entered into on July 12, 2012 between Plaintiffs BAY AREA PAINTERS AND TAPERS

21  PENSION TRUST FUND, et al. (collectively, "Plaintiffs" or "Trust Funds") and Defendant J &

22  C FUENTES PAINTING & DECORATING CO., Inc., a California Corporation and/or any of

23  its alter ego and/or successor entities, which required Defendant to pay delinquent amounts due

24  to Plaintiffs for the months of December 2011 through April 2012.  Defendant has requested that

25  the Stipulation be amended to include additional amounts due to Plaintiffs and to extend the

26  current payment plan.  This document, referred to hereinafter as the "Amended Stipulation,"

27  shall, upon execution by all parties, supersede the previous Stipulation and become the operating

28  document between the parties.

1    IT IS HEREBY STIPULATED and AGREED by and between the parties hereto, that this

2 Amended Judgment shall be entered in the within action in favor of Plaintiffs and against

3 Defendant as follows:

4    1.    Defendant entered into a valid Collective Bargaining Agreement with the District

5 Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining

6 Agreement").  This Bargaining Agreement has continued in full force and effect to the present

7 time.

8    2.    CARLOS FUENTES acknowledges that he is the RMO/CEO/President of J&C

9 FUENTES PAINTING & DECORATING CO., INC. and that he specifically consents to the

10 Court's jurisdiction.  Mr. Fuentes also confirms that he is personally guaranteeing the amounts

11 due pursuant to the terms of this Amended Stipulation and further acknowledges that all

12 affiliates, related entities and successors in interest to J&C FUENTES PAINTING &

13 DECORATING CO., INC. and/or any subsequent entity wherein Mr. Fuentes is a principal shall

14 also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's

15 jurisdiction.

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

3.      Defendant is currently indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| **Balance Due on Stipulation: Liquidated damages 12/11 – 4/12\*** | | $10,930.42 | |
| **20% Liquidated Damages Incurred During Stipulation:** | | | |
| July 2012 Liquidated Damages for late-paid contributions | | $5,416.02 | |
| Aug. 2012 Liquidated Damages for late-paid contributions | | $7,797.31 | |
| Sept. 2012 Liquidated Damages for late-paid contributions | | $7,505.47 | |
| Oct. 2012 Liquidated Damages for late-paid contributions | | $9,573.21 | |
| Nov. 2012 Liquidated Damages for late-paid contributions | | $7,999.81 | |
| **Subtotal Liquidated Damages** | | **$49,222.24** | |
| | | | |
| Attorneys' Fees (6/7/12 – 5/6/14) | | $8,539.50 | |
| Costs (6/7/12 – 3/14/14) | | $227.68 | |
| **Subtotal Attorneys' Fees and Costs** | | **$8,767.18** | |
| **Balance on Stipulation:** | | | **$57,989.42** |
| **Current Delinquencies:** | | | |
| July 2013 | 20% Liquidated damages | $7,147.57 | |
| | 5% per annum Interest (9/1/13 – 9/18/13) | $88.12 | |
| | | | **$7,235.69** |
| August 2013 | Contributions | $73,295.26 | |
| | 11/27/13 payment | ($20,000.00) | |
| | 3/24/14 payment | ($10,000.00) | |
| | **Subtotal** | **$43,295.26** | |
| | 20% Liquidated damages | $14,659.05 | |
| | 5% per annum interest (10/1/13 – 11/27/13) | $582.34 | |
| | 5% per annum interest (11/28/13 – 3/24/14) | $846.88 | |
| | 5% per annum interest (3/25/14 – 5/16/14) | $314.34 | |
| | | | **$59,697.87** |
| September 2013 | Contributions | $45,567.61 | |
| | 20% Liquidated Damages | $9,113.52 | |
| | 5% per annum Interest (11/1/13 –3/14/14) | $836.45 | |
| | 5% per annum Interest (3/15/14 – 5/16/14) | $387.01 | |
| | | | **$55,904.59** |
| October 2013 | Contributions | $44,515.15 | |
| | 20% Liquidated Damages | $8,903.03 | |
| | 5% per annum Interest (12/1/13 – 3/14/14) | $634.19 | |
| | 5% per annum Interest (3/15/14 – 5/16/14) | $378.07 | |
| | | | **$54,430.44** |
| *TOTAL* | | | *$235,258.01* |

﹡ Liquidated damages were conditionally waived on condition that employer remain current in contributions through November 2013.  This did not occur.

4.      Defendant/Guarantor shall ***conditionally*** pay the amount of **$151,212.60**, representing all of the above amounts, less liquidated damages in the amount of **$84,045.41**,

1  which represents all but $5,000 of the $89,045.41 in liquidated damages above. *The condition*

2  *for waiver is full compliance with all terms of this Amended Stipulation, including but not*

3  *limited to timely receipt of payment of all amounts due herein, on or before the dates specified*

4  *in this Amended Stipulation. The waiver shall be granted only if all obligations under this*

5  *Amended Stipulation are timely met.*  **Compliance with this Amended Stipulation requires**

6  **performance of all obligations under this agreement** as follows:

7            (a)      On or before December 1, 2013, Defendant was to pay $20,000 as a first

8  payment toward the above amounts due.  Plaintiffs acknowledge receipt of that payment on

9  November 27, 2013, as reflected above, and of a subsequent $10,000 payment made on March

10  24, 2014, also reflected above;

11           (b)      On or before **May 25, 2014** and no later than the 25th day of each month

12  thereafter for a period of eighteen (18) months, through and including October 25, 2015,

13  Defendant shall deliver to Plaintiffs **$8,750.00**. However, as an accommodation to Defendant,

14  the first payment shall be $4,450.00; the second payment shall include the balance due for May,

15  and the full payment for June, together totaling $13,050.00. Thereafter, payments shall continue

16  at $8,750.00 per month.

17           (c)      Payments may be timely made by joint check, which shall be endorsed by

18  Defendant/Guarantor prior to submission by Plaintiffs;

19           (d)      Defendant shall have the right to increase the monthly payments at any

20  time, without penalty;

21           (e)      Payments shall be applied first to unpaid interest and then to unpaid

22  principal. The unpaid principal balance shall bear interest from May 8, 2014, at the rate of 5%

23  per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust

24  Agreements.

25           (f)      Payments shall be made payable to the *"District Council 16 Northern*

26  *California Trust Funds"* and delivered to Muriel B. Kaplan at Saltzman & Johnson Law

27  Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA  94104, or to such other

28

1   address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 25th day of each**
2   **month**.

3           (g)    Defendant/Guarantor shall pay all additional costs and attorneys' fees
4   incurred by Plaintiffs in connection with collection and allocation of the amounts owed by
5   Defendant to Plaintiffs under this Amended Stipulation, regardless of whether or not there is a
6   default herein.

7           (h)    Prior to October 25, 2015, the deadline for the final conditional payment
8   hereunder, Plaintiffs shall advise Defendant/Guarantor in writing of the remaining amounts due,
9   including any additional amounts claimed pursuant to the terms of this Amended Stipulation,
10  which shall include, but not be limited to, any additional interest, liquidated damages incurred
11  during the term of this Stipulation or any not subject to the conditional waiver, and attorneys'
12  fees and costs incurred in this matter. Any additional amounts due pursuant to the provisions
13  hereunder shall be paid in full with the final conditional stipulated payment, upon demand by
14  Plaintiffs;

15          (i)    Following payment of the last conditional monthly payment under the
16  Amended Stipulation, Defendant/Guarantor will be advised as to whether they have met the
17  terms of the condition for the waiver of liquidated damages.  If so, the condition will be met
18  upon bank clearance of Defendant/Guarantor's last payment of the final balance due and
19  confirmation that Defendant's account is otherwise current.  In that event, Plaintiffs will file a
20  Notice of Satisfaction of Judgment with the Court.  However, if only a partial waiver is granted
21  or if no waiver is granted, monthly payments will continue until all liquidated damages due have
22  been paid.  Failure to comply with any of the above terms shall constitute a default of the
23  obligations under this Agreement and the provisions of ¶ 11 shall apply.

24          5.    Beginning with contributions due for hours worked by Defendant's employees
25  during the month of April 2014, which are due on May 15, 2014, to be received no later than the
26  last business day of the month, and for every month thereafter, Defendant **shall remain current**
27  **in reporting and payment of any contributions due to Plaintiffs** under the current Collective
28  Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and

the Declarations of Trust as amended. **Defendant shall submit a copy of the contribution report for each month, together with a copy of that payment check, either by email to both mkaplan@sjlawcorp.com and mvalentine@sjlawcorp.com, or by facsimile to Muriel Kaplan at 415-882-9287, <u>concurrently with sending the payment to be received by the Trust Funds on or before the last business day of the month.</u>** Failure by Defendant to timely submit copies of current contribution reports and payments as described above shall constitute a default of the obligations under this agreement.

6.      Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. **Defendant shall submit said updated list each month together with the contribution report (as required by this Amended Stipulation) either by email to both <u>mkapkan@sjlawcorp.com</u> and <u>mvalentine@sjlawcorp.com</u>, or by facsimile to Muriel B. Kaplan at 415-882-9287, on or before the last day of each month.** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. A blank job report form is attached hereto for Defendant's use, as *Exhibit A*. **To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said reports *will either be emailed to <u>mkaplan@sjlawcorp.com</u> and <u>mvalentine@sjlawcorp.com</u> or faxed to Muriel Kaplan at 415-882-9287* concurrently with their submission to the general contractor, owner, or other reporting agency.** Failure by Defendant to timely submit updated job lists or certified payroll reports shall constitute a default of the obligations under this agreement, which Defendant shall be permitted to cure within ten (10) days' written notice from Plaintiffs to Defendant.

7.      Failure by Defendant to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on

contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto; Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8.    **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request shall constitute a default of the obligations under this Agreement, which Defendant shall have ten (10) days to cure from receipt of written notice from Plaintiffs.

(a)    In the event that amounts are found due on audit, Plaintiffs shall provide to Defendant a full copy of the audit report and any findings of contributions, liquidated damages, interest and audit fees owed.    Defendants shall comply with schedules set by Plaintiffs to contest, clarify, and pay the amounts due.

(b)    If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Amended Judgment, to provide for payment of the amounts found due in the audit. If the Amended Judgment is so revised, Defendant shall execute that revision within ten (10) days of Plaintiffs' preparation thereof. Failure to either make payment in full or to execute the revised agreement shall constitute a default of the terms herein.  In that event, all amounts found due on audit shall immediately become part of this Amended Judgment if said default is not cured.

9.    Any check that is not timely submitted, is submitted by Defendant but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible shall be a default of this Amended Judgment and ¶ 11 shall apply.

10.    If a default under this Amended Stipulation occurs, Plaintiffs shall make a written demand, sent to Defendant/Guarantor by regular mail and by email to **jm@jamesmlaw.net**, to

1   cure said default within seven (7) days of the date of the notice from Plaintiffs. If

2   Defendant/Guarantor elects to cure said default, and Plaintiffs elect to accept future payments, all

3   such payments shall be made by cashier's check if the default is caused by a failed check.

4         11.    In the event the default is not cured, all amounts remaining due hereunder, as well

5   as any additional amounts due pursuant to the terms herein, shall be due and payable on demand

6   by Plaintiffs as follows:

7         (a)    The entire amount of **$235,258.01** *as shown in ¶ 3 above*, plus interest,

8   reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions

9   then due, including audit findings, if any, plus 20% liquidated damages and 5% per annum

10  interest thereon shall be immediately due, together with any additional attorneys' fees and costs

11  incurred;

12        (b)    A Writ of Execution may be obtained against Defendant/Guarantor and all

13  related entities without further notice, in the amount of the unpaid balance, plus any additional

14  amounts due under the terms herein. The declaration of a duly authorized representative of the

15  Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor,

16  and the balance due and owing as of the date of default, shall be sufficient to secure the issuance

17  of a Writ of Execution;

18        (c)    Defendant/Guarantor waives notice of Entry of Judgment and expressly

19  waives all rights to stay of execution and appeal.

20        12.    Any failure on the part of the Plaintiffs to take any action against

21  Defendant/Guarantor as provided herein in the event of any breach of the provisions of this

22  Amended Stipulation shall not be deemed a waiver of any subsequent breach by the

23  Defendant/Guarantor of any provisions herein.

24        13.    In the event of the filing of a bankruptcy petition by Defendant/Guarantor, the

25  parties agree that any payments made by Defendant/Guarantor pursuant to the terms of this

26  Amended Judgment, shall be deemed to have been made in the ordinary course of business as

27  provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as

28  a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless

1   represents that no bankruptcy filings are anticipated.

2       14.    Should any provision of this Amended Stipulation be declared or determined by

3   any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity,

4   and enforceability of the remaining parts, terms or provisions shall not be affected thereby and

5   said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of

6   this Amended Stipulation.

7       15.    This Amended Stipulation is limited to the agreement between the parties with

8   respect to the delinquent contributions and related sums enumerated herein, owed by Defendant

9   to the Plaintiffs. This Amended Stipulation does not in any manner relate to withdrawal liability

10  claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue

11  withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan

12  Documents, the Trust Agreements incorporated into the Collective Bargaining Agreement, and

13  the law.

14      16.    This Amended Stipulation contains all of the terms agreed by the parties and no

15  other agreements have been made. Any changes to this Amended Stipulation shall be effective

16  only if made in writing and signed by all parties hereto.

17      17.    This Amended Stipulation may be executed in any number of counterparts and by

18  facsimile, each of which shall be deemed an original and all of which shall constitute the same

19  instrument.

20      18.    The parties agree that the Court shall retain jurisdiction of this matter until this

21  Judgment is satisfied.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

///

19.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Amended Stipulation under the terms and conditions set forth herein, that they have read this Amended Stipulation with care and are fully aware of and represent that they enter into this Amended Stipulation voluntarily and without duress.

Dated: May  _____, 2014                    **J & C FUENTES PAINTING & DECORATING CO., INC.**

By: _____
Carlos Fuentes, its RMO

Dated: May  _____, 2014

By: _____
Carlos Fuentes, Individually, as Guarantor

Dated: May  _____, 2014                    **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____
Muriel B. Kaplan, Esq.
Attorneys for Plaintiffs

**IT IS SO ORDERED**

Dated: _____, 2014          _____
UNITED STATES DISTRICT COURT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### *Exhibit A*

### *JOB REPORT FORM*

**\*\*\* Updated report must be emailed to mkaplan@sjlawcorp.com and mvalentine@sjlawcorp.com or faxed to Muriel B. Kaplan, Esq., at (415) 882-9287 on or before the last calendar day of each month \*\*\***

Employer Name: **J&C Fuentes Painting & Decorating Co., Inc.**

Report for the month of _____, 20____ Submitted by (name): _____

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Project Manager: | | | |
| Project Manager: email address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Project Manager: | | | |
| Project Manager: email address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

*\*\*\* Attach additional sheets as necessary \*\*\**

///

19.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Amended Stipulation under the terms and conditions set forth herein, that they have read this Amended Stipulation with care and are fully aware of and represent that they enter into this Amended Stipulation voluntarily and without duress.

Dated: May June 23, 2014

**J & C FUENTES PAINTING & DECORATING CO., INC.**

By: _Carlos Fuentes_
Carlos Fuentes, its RMO

Dated: May June 23, 2014

By: _Carlos Fuentes_
Carlos Fuentes, Individually, as Guarantor

Dated: May June 24, 2014

**SALTZMAN AND JOHNSON LAW CORPORATION**

By: _Muriel B. Kaplan_
Muriel B. Kaplan, Esq.
Attorneys for Plaintiffs

**IT IS SO ORDERED**

Dated: _____ July 1, 2014

_Claudia Wilken_
UNITED STATES DISTRICT COURT JUDGE